IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 493-082-12 |
| | * | |
| JAMES CLIFFORD WILLIAMS | * | |

O R D E R

This matter comes before the Court on Defendant James Clifford Williams's motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Following the parties' original briefing, the Eleventh Circuit Court of Appeals issued United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), which clarified the eligibility requirements for relief under Section 404 of the First Step Act. The Court gave the parties an opportunity to file supplemental briefs in light of Jones, which they have done. For the reasons stated herein, Defendant's motion for sentence reduction must be denied.

I.   BACKGROUND

On February 3, 1994, Defendant was convicted by a jury on one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, a violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute cocaine and

cocaine base, a violation of 21 U.S.C. § 841(a)(1) (Count 5); two counts of carrying a firearm during a drug trafficking offense, violations of 18 U.S.C § 924(c) (Counts 4 & 6); and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) (Count 7). Because the United States had filed a notice of sentence enhancement under 21 U.S.C. § 851 based on at least two prior felony drug convictions, Defendant was subject to a mandatory life term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) on both drug charges. On March 10, 1994, the Court sentenced Defendant to life terms on the two drug convictions (Counts 1 & 5) and 120 months for the § 922(g) offense, to be served concurrently. Defendant was also sentenced to concurrent terms of 60 months for the two § 924(c) offenses to run consecutive to the sentence imposed on the § 922(g) and drug charges. Thus, Defendant's total term of imprisonment is life plus 60 months.

Upon remand from Defendant's appeal of his conviction and sentence, the Court revised the Presentence Investigation Report ("PSI") to calculate attributable drug quantities. The PSI attributed to Defendant 8.1 kilograms of powder cocaine, with an 85% yield rate, resulting in approximately 6.9 kilograms of crack cocaine. Upon this finding (more than 1.5 kilograms of crack cocaine), Defendant was assigned a base offense level of 38. After enhancements, Defendant's total offense level was 44; with a criminal history category of III, Defendant faced a mandatory

2

guideline range of life imprisonment. Of note, Defendant remained subject to a mandatory life term for the drug offenses under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. In April 1997, upon adoption of the revised PSI, the Court imposed the same sentence. The Eleventh Circuit affirmed the drug quantity finding on appeal. <u>See</u> <u>United States v. Williams</u>, Case No. 97-8394 (11th Cir. Mar. 9, 1999), Doc. 763.)

At present, Defendant seeks relief under 18 U.S.C. § 3582(c)(1)(B), which authorizes a district court to modify an imposed term of imprisonment to the extent authorized by statute. Here, Defendant invokes the statutory changes from Section 2 of the Fair Sentencing Act of 2010, which were made retroactive by the First Step Act of 2018.

## II. FIRST STEP ACT ELIGIBILITY

Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, lowered statutory penalties for certain offenses involving crack cocaine by raising the threshold amounts for enhanced penalties. Specifically, Section 2 changed the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum, under § 841(b)(1)(A)(iii), from 50 grams to 280 grams, and the quantity of crack cocaine necessary to trigger a five-year mandatory minimum, under § 841(b)(1)(B)(iii), from 5

grams to 28 grams.[1]  These changes, however, were not retroactive until the passage of the First Step Act of 2018.  Section 404(b) of the First Step Act authorizes a court, in its discretion, to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b); see also Jones, 962 F.3d at 1298.

The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  First Step Act § 404(a).  Prior to Jones, district courts differed on whether "statutory penalties" were to be defined based upon the statute of conviction or the defendant's actual conduct.  The Jones court rejected a conduct-based approach to determining eligibility and held that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)."  962 F.3d at 1301.  The court stated:  "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned.  The actual quantity is only the *means* of satisfying the drug-quantity element.  That

---

[1] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties related to simple possession of crack cocaine under 21 U.S.C. § 844(a).

4

quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense." Id. at 1301 (emphasis in original) (citations omitted). Instead, the Jones court counseled the district courts to "consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment" to determine if the movant's offense triggered the higher penalties. Id. at 1300-01. In this case, there is no dispute that Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii), a sentencing provision affected by Section 2 of the Fair Sentencing Act; thus, Defendant's offense is a covered offense.

Defendant's satisfaction of the "covered offense" requirement, however, does not necessarily mean that the Court is authorized to reduce his sentence. See United States v. Ingram, --- F. App'x ---, 2020 WL 6059658, at *3 (11th Cir. Oct. 14, 2020) ("That Ingram satisfied the 'covered offense' requirement, however, does not necessarily mean the district court was authorized to reduce his sentence[] . . . ."); United States v. Brown, --- F. App'x ---, 2020 WL 5868267, at *2 (11th Cir. Oct. 2, 2020) (citing Jones, 962 F.3d at 1303). In construing the "as if" qualifier of Section 404(b) of the First Step Act, the Jones court identified two limitations to the district court's authority:

> First, it does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act.

5

> Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing. If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence. Any reduction the district court would grant would not be "as if" the Fair Sentencing Act had been in effect. That is, the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant.

Jones, 962 F.3d at 1303. Unfortunately for Defendant, his sentence falls within this express limitation. It is undisputed that Defendant was responsible for 6.9 kilograms of crack cocaine and that he has two prior felony drug convictions; thus, both before and after the Fair Sentencing Act of 2010, Defendant was subject to a statutory mandatory life term of imprisonment. Compare 21 U.S.C. § 841(b)(1)(A)(iii) (1994) with 21 U.S.C. § 841(b)(1)(A)(iii) (2012). That is, Defendant's sentence of life imprisonment "is still the lowest possible penalty that would be available to him under the Fair Sentencing Act." See Ingram, 2020 WL 6059658, at *3. In this regard, Defendant is in the same situation as defendant Jackson from the Jones case, about whom the Eleventh Circuit wrote:

> Jackson was sentenced to a statutory mandatory sentence of life imprisonment based on a drug-quantity finding of 287 grams of crack cocaine and his three prior felony drug convictions. The district court correctly concluded that it could not reduce Jackson's sentence because his drug-quantity finding meant that he would face the same

6

> statutory penalty of life imprisonment under the Fair Sentencing Act.

Jones, 962 F.3d at 1304; accord United States v. Malone, 2020 WL 4721244, at *4 (S.D. Ala. Aug. 13, 2020) (denying First Step Act relief to similarly situated movant, stating "[t]he logical defect upon which [movant's] Motion founders is his unfounded assumption that he is no longer subject to a mandatory life sentence provision").

In his post-Jones submissions to the Court, Defendant contends that the Court is under no obligation to consider the drug quantity attributed to him in determining the applicable statutory range of punishment. This same contention was recently rejected by a panel of the Eleventh Circuit in the Ingram case, wherein the court held that a district court is "bound by its earlier drug-quantity finding and [is] entitled to rely on those judge-found factual findings--made pre-Apprendi--that triggered increased statutory penalties." Ingram, 2020 WL 6059658, at *3 (footnote omitted) (citing Jones, 962 F.3d at 1302, 1303-04). Indeed, the second limitation to the district court's authority expressed by the Jones court states that a district court "is bound by a previous finding of drug quantity." See Jones, 962 F.3d at 1303. Accordingly, this Court is without authority to essentially redefine his offense as suggested by Defendant.

### III. CONCLUSION

Upon the foregoing, the Court determines that Defendant James Clifford Williams is not eligible from relief under the First Step Act based upon the statutory mandatory life term imposed under 21 U.S.C. §§ 841(b)(1)(A) and 851. See Jones, 962 F.3d at 1303 ("[T]he First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted Defendant."). Accordingly, his motion to reduce (doc. 985) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA