**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 493-082-12 |
| | * | |
| JAMES CLIFFORD WILLIAMS | * | |

**O R D E R**

On October 28, 2020, the Court denied Defendant James Clifford Williams's counseled motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Order of Oct. 28, 2020, Doc. 1005.)  Williams had claimed that the reduced statutory drug quantity changes of the Fair Sentencing Act of 2010 retroactively applied to him through application of the First Step Act.  Williams further contended that the judge-made finding of 6.9 kilograms of crack cocaine attributable to him was no longer valid because of the intervening Apprendi[1] decision. Thus, Williams insisted that his sentence under 21 U.S.C. § 841(b)(1)(A) should be reduced to a § 841(b)(1)(C) offense, which is the statutory penalty for an unspecified quantity of crack cocaine.

---

[1]   Apprendi v. New Jersey, 530 U.S. 466 (2000).

In denying relief, the Court relied upon <u>United States v. Jones</u>, 962 F.3d 1290 (11th Cir. 2020),[2] and held that it was bound by the previous judge-made finding of drug quantity. (Order of Oct. 28, 2020, at 5-6 (citing <u>Jones</u>, 962 F.3d at 1303).) The Court also relied upon a panel decision of the Eleventh Circuit, <u>United States v. Ingram</u>, 831 F. App'x 454, 458 (11th Cir. 2020), which specified that a district court is "entitled to rely on [its prior] judge-found factual findings--made pre-<u>Apprendi</u>--that triggered increased statutory penalties." (Order of Oct. 28, 2020, at 7.) Accordingly, this Court continued to hold Williams responsible for 6.9 kilograms of crack cocaine, which subjected him to a statutory mandatory life term of imprisonment - both before and after the Fair Sentencing Act of 2010. (<u>Id.</u> at 6.) Thus, the First Step Act (through retroactive application of the Fair Sentencing Act) offered Williams no relief. (<u>Id.</u> at 8.)

Appellants Jackson and Ingram separately filed petitions for writs of certiorari in the United States Supreme Court. In granting the respective writs, the Supreme Court vacated the Eleventh Circuit decisions in both <u>Jackson</u> and <u>Ingram</u> and remanded the cases to the Eleventh Circuit for reconsideration in light of its decision in <u>Concepcion v. United States</u>, 142 S. Ct. 2389

---

[2] The <u>Jones</u> decision consolidated the appeal of four appellant-movants under the First Step Act, one of which was Warren Lavell Jackson.

(2022).[3]   Pre-Apprendi defendants convicted of crack-cocaine offenses have been buoyed by the following Concepcion holding: "The Court therefore holds that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." See id. at 2404.  Relying upon this language and in light of the vacatur of the cases upon which this Court relied, Williams filed the instant motion to reduce sentence pursuant to the First Step Act on November 14, 2022.  (Doc. 1012.)

Through his motion, Williams points to two intervening changes of law or fact to conclude he is entitled to a sentence reduction.  First, Williams once again cites Apprendi for the proposition that this Court cannot rely upon a judge-made finding of drug quantity to support a sentence enhancement.  Second, Williams points to the fact that two of his prior convictions no longer qualify as predicate offenses for enhancement under 21 U.S.C. § 851.

In brief, the Government correctly points out that Williams's motion rises or falls upon the Eleventh Circuit's reconsideration of its Jackson and Ingram decisions in light of Concepcion.  That is, the Eleventh Circuit has been tasked to consider whether

---

[3]    The remands occurred on October 3, 2022:  United States v. Jackson, 2022 WL 4650968, and United States v. Ingram, 2022 WL 4650942.

Concepcion alters its conclusion that a district court must use judge-made findings of drug quantity in pre-Apprendi cases to determine the applicable statutory sentencing range. (Gov't Mot. to Stay, Doc. 1016, at 3-5.)

In response to Williams's motion to reduce, the Government filed a motion to stay consideration until the Eleventh Circuit addressed the Jackson and Ingram remands. (Doc. 1016.)  At the time, the Eleventh Circuit had already directed supplemental briefing in the Jackson case.  Although not expressly ruling on the motion to stay, this Court has awaited the Eleventh Circuit's guidance.[4]  The Eleventh Circuit issued a definitive ruling in United States v. Jackson, 58 F.4th 1331 (11th Cir. 2003), on February 3, 2023.  And, it has acted swiftly to deny relief to movants in the same or similar circumstances as Williams.  See, e.g., United States v. Clowers, --- F.4th ---, 2023 WL 2484795 (11th Cir. Mar.

_____

[4]  Williams urges the Court to grant his motion to reduce the sentence because the Government failed to timely respond to the motion with an opposition brief.  The Government made clear that it was awaiting the same guidance as this Court.  Had the Eleventh Circuit's consideration of the controlling issue been in Williams's favor, undoubtedly the Government's response would have been much different than its now pending motion to dismiss.  The fact of the matter is that this Court was not going to address Williams's motion without the anticipated precedent of the Eleventh Circuit.  Under these circumstances, the most appropriate course of action is to address Williams's motion to reduce on the merits.  For this reason, Williams's motion to grant his "unopposed" motion to reduce (doc. 1019) is **DENIED**.  The Government's motion to dismiss Williams's motion to reduce (doc. 1020) is **DENIED**.  The Government's motion to stay (doc. 1016) is **DENIED AS MOOT**.

14, 2023); <u>United States v. Perez</u>, Case No. 20-10806 (11th Cir. Mar. 16, 2023).

In <u>Jackson</u>, the Eleventh Circuit held that <u>Concepcion</u> did not affect how a district court first determines the appropriate statutory range of punishment in considering a First Step Act sentence reduction. 58 F.4th at 1333. More specifically, the <u>Jackson</u> court held that <u>Concepcion</u> "does not alter our decision in <u>Jones</u>, which, unlike <u>Concepcion</u>, was concerned with an issue that arises before the sentencing court's discretion comes into play: determining how much of a drug the defendant possessed. . . . <u>Concepcion</u>, by contrast, addressed an issue that arises only after drug quantity and the corresponding penalties have been established . . . ." <u>Id.</u> at 1336. The <u>Jackson</u> court therefore reinstated its prior opinion in <u>Jones</u>, the case upon which this Court relied to deny Williams relief. The Eleventh Circuit has now reaffirmed its <u>Jackson</u> and <u>Jones</u> holdings, stating that, under the First Step Act, "[i]f the jury, or the court, acting before <u>Apprendi</u>, made a drug-quantity finding that could have been used at the time of sentencing to determine the defendant's statutory penalties, the district court must use the same quantity to decide what the defendant's statutory penalties would have been if § 2 of the Fair Sentencing Act had been in effect at the time of the offense." <u>See</u> <u>United States v. Clowers</u>, 2023 WL 1484795, at *4.

Applying Eleventh Circuit precedent to this case, the Court readily concludes that Williams remains subject to the statutory penalty under 21 U.S.C. § 841(b)(1)(A), which, with the § 851 enhancement, is a mandatory sentence of life imprisonment. Williams is therefore left to assert that the Jackson case, "while apparently the current state of the law in the Eleventh Circuit[,] is contrary to the holding in Concepcion and is erroneous." (Def.'s Resp. to Gov't Mot. to Dismiss, Doc. 1021, at 3.) Whether erroneous or not, this Court is bound to follow the law and deny relief.

Finally, the Court's conclusion brings to the fore Williams's last point of contention. Williams argues that he would not be subject to the § 851 enhancement if he were sentenced today because one of his predicate offenses has been vacated and another conviction was arguably not final until after the offense conduct at issue in this case. The Court, however, is without authority to consider this "change of fact" under the First Step Act, which is made clear in Clowers. There, the Eleventh Circuit stated that in consideration of a First Step Act motion, a district court must recalculate the statutory sentencing range "as if the Fair Sentencing Act's changes – **and only those changes** – were in effect at the time the offense was committed." 2023 WL 2484795, at *1 (citing Concepcion, 142 S. Ct. at 2402 n.6 ("under the First Step Act, a district court cannot 'recaluclate a movant's benchmark

Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act'")) (emphasis added).  Thus, the Court is not free to consider other factual changes unless or until its discretion is at play, which would require a determination that the Fair Sentencing Act benefitted Williams. Stated another way, because this Court would not have had the latitude to impose a lower sentence if the Fair Sentencing Act had existed in 1994, the First Step Act does not authorize the district court to do so now.  Concepcion does not change this conclusion. Concepcion only comes into play to address the type of information a district court may consider in deciding how to exercise its discretion in reducing the sentence of *an otherwise eligible defendant*.[5]

Upon the foregoing, Defendant James Clifford Williams's motion to reduce his sentence (doc. 1012) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of March, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5]  The Eleventh Circuit has held that post-judgment challenge to an § 851 enhancement is cognizable through a motion under 28 U.S.C. § 2255.  United States v. Valentine, 816 F. App'x 381, 383 (11th Cir. 2020) (cited sources omitted).